GEORGE D. STRAGGAS, BAR NO. 132231
LLOYD A. CHARTON, BAR NO. 59225
STRAGGAS & ASSOCIATES
8911 Research Drive
Irvine, California 92618
Telephone: (949) 660-9100
Facsimile: (949) 660-9144

Attorneys for Plaintiff,
DAVID R. HORN

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. HORN,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant(s). | Case No. **'15CV0423 GPC JMA**<br><br>**COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE** |

NOW COMES Plaintiff, DAVID R. HORN, and alleges:

**FIRST CLAIM FOR RELIEF**

**(Medical Negligence)**

1. This action arises under the Federal Tort Claims Act of 1948, 62 Stat. 982, 28 U.S.C. 1346(b), 2671, et seq.

2. Pursuant to 28 U.S.C. 1391 (a), venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred. In the above-entitled action, the Plaintiff, DAVID R. HORN ("Plaintiff", is bringing this suit based upon improper medical services Plaintiff underwent at V.A. San Diego Healthcare System hospital in San Diego, California. Therefore, venue is proper in the Southern District of California.

////

3. A tort claim for damages for personal injury was filed on behalf of Plaintiff, pursuant to 28 United States Code Section 2401 and 28 United States Code Sections 2671 through 2680. Said Tort Claim arose from acts or omissions which occurred at the V.A. San Diego Healthcare System hospital in San Diego, California, beginning approximately June 11, 2013 for surgery for polyps in his colon.

4. The Department of Veterans Affairs denied the claim on October 26, 2014.

5. That at all times mentioned, Plaintiff, DAVID R. HORN, was a natural person who is, and at all times mentioned in this complaint was, a resident of Lake Havasu City, Mohave County, Arizona.

6. That at all times herein mentioned, Defendants, and each of them, were the agents, joint venturers, servants, employees, assistants, consultants and the like of their co-defendants, and were, as such, acting within the course and scope of such agency; that each and every Defendant was negligent in the selection, hiring, monitoring, and continued employment of each and every other Defendant as an agent, servant, employee, assistant, and consultant.

7. That Plaintiff incorporates by reference as though fully set forth a length herein all of the general allegations previously set forth in this complaint.

8. That on or about June 2011, and prior thereto, and thereafter, Plaintiff, consulted and engaged for compensation the services of Defendants, and each of them; at or about said time, Defendants, and each of them, undertook to examine, diagnose, prescribe medicine and drugs, and handle the care and treatment of Plaintiff's well-being and perform the necessary tests, therapy and surgery for the treatment of said problem.

9. That in the aforesaid examination, diagnosis, prescription of medicines and drugs, and handling and controlling of the care of Plaintiff, Defendants, and each of them, negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians, surgeons, hospitals, nurses, attendants, and the like, in the same or similar locality under the similar circumstances as the said Defendants, and each of them.

////

////

10. That with respect to the duties, responsibilities and liabilities of the Defendant, UNITED STATES OF AMERICA, the Defendant negligently, or in some other actionable manner referred to hereinabove, failed to comply with the applicable legal standard.

11. That in the aforesaid handling and control of the care and treatment of Plaintiff, Defendants, and each of them, negligently and tortuously failed to possess or exercise that degree of knowledge or skill that would ordinarily be possessed and exercised by physicians and surgeons, hospitals, nurses, surgical technicians, attendants, medical clinics, physical therapists and the like, engaged in said professions in the same locality as Defendants, and each of them, negligently and unlawfully failed to properly and correctly diagnose, render care and treatment, to perform surgery on, prescribe and administer medicine and drugs for the condition of the Plaintiff.

12. On or about June 11, 2013, Plaintiff underwent surgery to remove a non-malignant mass in his colon at V.A. San Diego Healthcare System hospital in San Diego, California.

13. From and after the time of the surgery, Defendants, and each of them, so negligently failed to exercise the proper degree of knowledge and skill in examining, diagnosing, treating and caring for Plaintiff that Plaintiff was caused to suffer the injuries and damages hereinafter alleged. Defendants' negligent acts include, without limitation, the failure to warn Plaintiff of the risks of the surgical procedure. The surgery was performed in a negative fashion on June 11, 2013. The bowel resection was performed negligently. The resection seal was not properly accomplished leading to the leaking of fecal material. During the surgery, BARD COSMAN, M.D. nicked, poked a hole in, or otherwise cut and injured Plaintiff's ureter. This was likely caused by a "retraction injury" but the injury occurred on the opposite side to the surgical field. Urine may have leaked into the fresh surgical site and likely further exacerbated the surgical site in the colon. Plaintiff became septic and was not properly diagnosed. Day after day the Plaintiff was in great pain and was told to get up and move around and that the pain was a normal consequence of the surgery. Plaintiff's fever became very high, his white blood cell count rose and he was exhibiting all of the signs of sepsis. Finally, after a week, Plaintiff's family was told he was likely to die. The Plaintiff was put into an induced coma for approximately one

month and required repeated surgeries to "clean him out."

14. As a direct and proximate result of the negligence of Defendants, Plaintiff had to have a colostomy bag installed, as well as a urine collection device, to bypass his affected ureter. Plaintiff may have suffered damage to his kidneys and other internal organs. Plaintiff had to undergo dialysis and his immune system has been compromised resulting in bouts of pneumonia and other illnesses. Plaintiff cannot work. Plaintiff will need a lifetime of continued medical care, nursing care, and home care.

15. As a direct and proximate result of the negligence of Defendants, Plaintiff has sustained injury to his health, strength, and activity, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes, and based thereon alleges that such injuries will result in some permanent disability to him. As a result of such injuries, Plaintiff has sustained general damages.

16. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will continue to incur, medical, hospital, and related expenses, all to his special damage.

17. As a further direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff was compelled to and did employ the services of physicians, surgeons, nurses and the like, to handle and care for Plaintiff's treatment, and did incur medical, professional and incidental expenses; that Plaintiff is informed and believes and based upon such information and belief alleges that he will necessarily and by reason of Plaintiff's injuries, incur additional like expenses for an indefinite period of time in the future; that Plaintiff will ask leave of court to amend this allegation once said amounts have been ascertained.

18. As a further direct and legal result of the aforesaid acts or omissions of Defendants, and each of them, Plaintiff sustained and will in the future sustain loss of earnings, and loss of earning capacity, in an amount not presently ascertainable to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to allege the amount of said losses when the same have been ascertained.

////

WHEREFORE, Plaintiff prays judgment as follows:

1. For past and future general damages according to proof;
2. For past and future medical, hospital, and related expenses according to proof;
3. For past and future medical monitoring and related expenses;
4. For past and future loss of earnings and loss of earning capacity in an amount to be shown according to proof;
5. For costs of suit and reasonable attorney's fees herein incurred; and
6. For such other and further relied as the court may deem proper.

Dated: February 25, 2014                                STRAGGAS & ASSOCIATES

                                                        By: _____
                                                        George D. Straggas, Attorney for Plaintiff,
                                                        DAVID R. HORN